## Case *against* Cushman.

However general the terms of a contract may be, it only comprehends those things in respect to which it appears the parties proposed to contract. Hence, after the dissolution of a partnership, one of the firm assigns all his interest in the effects, for a valuable consideration, and takes a covenant of indemnity against all debts due by the firm. *Held*, that such indemnity will not cover a debt which did not appear upon the partnership books, and was not made known to the assignee at the time of the contract of indemnity.

The Statute of Limitation, in New York, is not an available defence for one who had been beyond the jurisdiction of their courts, during the time which had elapsed; and the same construction will be given to their statute here.

ERROR to the Common Pleas of *Susquehanna* county.

Ugenior Cushman against Benjamin T. Case. This was an action of covenant, in which the following facts appeared:—

The plaintiff and C. F. A. Volz had been partners in merchandising; and upon the dissolution of the partnership, Volz assigned all his estate, real and personal, to the defendant, in trust for the payment of all his debts. When this assignment was made, the partnership books were delivered to Case; in them was contained an account of the firm debts. Some months after, Cushman sold and assigned to Case, all his interest in the effects of the firm, in consideration of the payment of $250, and of the following covenant, upon which this suit was brought:—

"Know all men by these presents, that Benjamin T. Case, assignee of Christian F. A. Volz, in consideration of the sum of $250, lawful money, in hand paid by Ugenior Cushman, at and before the delivery hereof, and of the assignment by the said U. Cushman to the said Benjamin T. Case, dated the 13th of December 1833, hath, and by these presents doth release, discharge, and acquit the said U. Cushman of, and from all claims, actions, demands, debts, and dues whatsoever, due or owing to the said Volz, or to the late firm of U. Cushman & Co., by said Ugenior Cushman; and of and from the payment of any debts, or the part payment of any debts, due by the said late firm of U. Cushman & Co. The said Benjamin T. Case agreeing hereby to indemnify, save, and keep harmless, the said Ugenior Cushman from all claims and demands due, or owing by the said firm of U. Cushman & Co."

The plaintiff then gave in evidence an account of J. & C. Gascoigne, of New York, against the firm of U. Cushman & Co., upon which there was a balance due, on the 21st of May 1838, of $294.59; upon which suit was brought in New York, to January term 1840, against U. Cushman and C. F. A. Volz, and

[Case v. Cushman.]

judgment obtained by default, on the 25th of May 1840, for $335.84, which was subsequently paid by U. Cushman, and which he now claimed to recover in this suit.

The defendant then gave in evidence the partnership books, by which it appeared that the last item in the account of J. & C. Gascoigne against the firm, amounting to $143, had not been entered; and that the omission to enter it, was the neglect of U. Cushman. The defendant also gave in evidence a bill of J. & C. Gascoigne, rendered 18th of May 1830, and found among the papers of the firm of U. Cushman & Co., in which the disputed item was not entered; but it also appeared that the disputed item was of goods purchased the 14th of May 1830, at six months credit. The grounds of the defence appear in the following points, upon which the instruction of the court was asked:—

1. If the jury believe that U. Cushman, the plaintiff, by the books kept by U. Cushman & Co., delivered to the defendant, and by the account of J. & C. Gascoigne rendered, of May 18th 1830, leaving out the bill of goods of May 14th 1830, thereby deceived the defendant as to the amount of the indebtedness of U. Cushman & Co. to the said J. & C. Gascoigne, and that the said defendant was so deceived thereby at the time of executing to the plaintiff the covenant of indemnity of January 13th 1834, on which this suit is brought, then the plaintiff cannot recover the amount of that bill in this action.

2. That Cushman not having given the defendant notice of the suit brought by J. & C. Gascoigne against him in the State of New York, and having made no defence to that suit, the defendant is not concluded by that recovery, and may now successfully defend in this suit, if he could have successfully defended the suit brought against Cushman in the State of New York; and that, from the evidence in this suit, it appears that the action brought against Cushman in the State of New York, would have been barred by the Statute of Limitations; and therefore the plaintiff ought not to recover in this suit.

The court below instructed the jury, that if Case was deceived by Cushman at the time of making the contract of indemnity, either by the suppression of any truth which Cushman was bound to communicate, or by any false exhibit on Cushman's part, representing the matter or account, about which they were contracting, in a false or untrue light, the defendant being so deceived, would not be liable on a contract thus made. But the court, upon a review of the testimony, could not perceive any ground to support the allegation of fact contained in the defendant's proposition. In answer to the defendant's second point, the court said that the absence of the defendant from the State of New York, after the goods were purchased, would have been sufficient to prevent them from availing themselves of the plea of the Statute of Limitations,

III. — 69                2 y *

[Case v. Cushman.]

and that such had been the construction given to their statute. 3 *Johns.* 263.

*Williston*, for plaintiff in error.
*Richards*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The circumstances connected with the turning point of the cause, are simple and few. When the defendant became the assignee of the liquidating partner, Volz, he received from him the books and papers of the concern, which had previously been in the hands of counsel for collection. It was distinctly proved that the bill of goods which gives rise to the present contest, though furnished by the Messieurs Gascoigne to U. Cushman & Co., in May 1830, had not been entered on the books of the latter when they dissolved their partnership in the October following; nor has it been entered since. It appears, too, that it was the business of the plaintiff to have entered it, and that the omission to do so, was his personal default. The Judge charged with entire accuracy, so far as the direction went, that if the defendant was deceived by any false exhibit, or by the suppression of any fact which the plaintiff might have communicated, and which it was material for the defendant to know, there could be no recourse to him; and he was right, too, in supposing, that as the plaintiff's omission to enter the bill was long before the terms of the agreement were negotiated, there was no room for a presumption that it was a preconceived measure to defraud. But he inferred from this that there was nothing in the circumstance to restrain the generality of the covenant " to indemnify, save, and keep harmless, the said Ugenior Cushman, from all claims and demands due or owing by the said U. Cushman & Co." because the defendant had not taken the precaution to restrict his liability to debts per schedule, or to such as appeared on the face of the books. If, however, he was left in ignorance of any fact material to be known by him, which it was in the plaintiff's power to communicate, the terms of the agreement must not be taken to extend to it. It is one of Pothier's rules of interpretation, which have been deemed consonant to the rules of the common law, that " however general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties proposed to contract; and not others they never thought of." Such are the words of Mr Evans, his translator, (Vol. I. p. 53), and their relevancy to the case in hand is perceivable at a glance. The plaintiff knew that this bill had not been entered in the partnership books; and he ought to have known that, in ascertaining the partnership debts, the defendant would be guided by them. The books of a firm are the register of its transactions; and they are supposed to exhibit

[Case v. Cushman.]

a complete statement of its business and liabilities, insomuch that a person who had resorted to them to discover the amount of its debts, would seek no further. In settling the terms of the agreement, then, what was the course of the plaintiff's duty? Doubtless, to inform the defendant of this debt, as one he was expected to pay. Omitting this, he took on himself the risk of being able to prove that the defendant was already apprised of its existence, in order to show that the disclosure was unnecessary. Sometimes ignorance or error has been a ground even to rescind an agreement entirely, by invalidating the assent of one of the parties to it, especially where there was a legal fraud in the suppression of a material circumstance. How was it here? The books and papers, having successively passed through the hands of the liquidating partner and two gentlemen of the bar, may have all come safe to the hands of the defendant; but the only witness who testified in regard to the fact, did not undertake to say that this particular bill was among them. The probability is, that in passing through so many hands, it was mislaid; at least it may have been so, which is enough for the argument. Having failed to apprise the defendant of the very material fact that there was an unbooked debt outstanding, the plaintiff, on whom the burthen of proof rests, was bound to show that the failure was not material, in the only way it could be shown, by specific proof that the existence of the debt had at that time come to the defendant's knowledge. The omission, though not used in forming the subsequent arrangement with a design to deceive or mislead, would not be the less material; and in the misapprehension on that head, consists the error of the court below. The plaintiff's silence had an obvious tendency to produce misconception; and he whose act caused the loss which was consequent on it, must bear it, though both parties were free from intentional-error.

The other exception is not sustained. The construction put on the Statute of New York by the court below, seems to be the same that has been put on it by the courts of that State; by which it appears that it could furnish no defence to the action brought against the plaintiff, and that the defendant lost no advantage by not being warned to come in and defend against it. It is true, that, for want of it, the defendant may insist in this court on any ground of defence that would have availed the plaintiff in the Supreme Court of New York, in which the action was determined; but as the interpretation put by that court on the statutes of its own State, must be followed elsewhere, this ground of defence cannot serve here.

Judgment reversed, and *venire de novo* awarded.