## Smith's Estate.

*Wills—Perpetuities—Intestacy—Vested estate.*

Testator gave his estate to trustees to pay to his widow so much of the income as she might need for her support, the rest of the income to his five children, naming them, and the issue of any who had died leaving issue, and after death of the widow the entire income to the children then living, and the issue of any who should have died. The gift of the income to the children was expressly limited to their respective lives, and "after their death the income to be paid to their children until they attain the age of twenty-one years, when each shall receive his or her share of the principal thereof in the proportion he or she received or were entitled to the income agreeably with the intestate laws of the state of Pennsylvania." One of the children died in the lifetime of the widow, leaving children. Two of testator's children died after the widow without leaving issue. *Held* (1), that the will created a vested interest in the issue of the children, and that the continuance of the trust during their minority did not bring the gift within the rule as to perpetuities; (2) that upon the death of the two children without issue after the death of the widow there was an intestacy as to two fifths of the estate.

*Contract—Agreement—Instruction—General terms—Deed.*

However general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties propose to contract; and not to others they never thought of.

A deed general in its terms conveying all of the grantor's interest in an estate of the decedent, and intended to carry out an adjudication, will not cover an interest of the grantor in an intestacy as to a portion of the estate subsequently arising by reason of the death of one of the parties without issue.

Argued Jan. 13, 1905. Appeal, No. 211, Jan. T., 1904, by Mary E. Smith, from decree of O. C. Phila. Co., Jan. T., 1890, No. 85, dismissing exceptions to adjudication in estate of Nathan Smith, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Nathan Smith died on May 17, 1875, leaving a will which after providing for the appointment of trustees directed that the trustees so appointed should " hold in trust all my estate, real and personal, to pay to my beloved wife all the money she may need if it should

take the whole net income of my estate ; and such net income as is not needed for the support of my dear wife, I direct to be paid half yearly or oftener at the discretion of the trustees in equal portions to my five children, Martha H. Bonsall, Charles E. Smith, Abram H. Smith, Sarah A. Smith, and Walter B. Smith. Should either of them have died and left issue, if one, solely, if more than one in equal parts, to take the parent's share of income during all the period of my dear wife's life time. After her decease the entire net income of my estate to be equally divided among all the children then living (the issue of any who may have previously died to take the parent's share) during all the period of their natural lives ; after their death the income to be paid to their children until they attain the age of twenty-one years when each shall receive his or her share of the principal thereof in the proportion he or she received or were entitled to the income agreeably with the intestate laws of the state of Pennsylvania."

Martha H. Bonsall died on January 29, 1889, leaving surviving her three children. The decedent's widow died on December 31, 1891. Some years after the death of the widow Sarah Ann Smith and Charles Eber Smith died leaving no issue. Charles Eber Smith left a widow, and his sole legatee, Mary E. Smith, the appellant, surviving. On February 16, 1893, an adjudication was filed awarding one fifth of the personal estate to the children of Mrs. Bonsall.

Other facts appear by the adjudication, PENROSE, J., which was in part as follows :

After the award by the adjudication of February, 1893, of one fifth of the personal estate then in the hands of the trustees to the children of Mrs. Bonsall, absolutely, it was agreed by all of the parties in interest that they should receive not only the share of personal estate liberated from the trust, but one fifth of the appraised value of the real estate still remaining unsold, viz: $5,500, "in lieu of distribution in kind," to Helen Bonsall, $5,500, to Laura Bonsall, and $5,500 to C. Stevenson Gatchel, assignee of Charles S. Bonsall; and a schedule of distribution awarding such sums and leaving $24,525.28 of personal estate in the hands of trustees, signed by all of the parties, was presented to the auditing judge and, with his approval, dated

October 17, 1893, annexed to and made a part of the adjudication; and by deed dated October 23, 1893, Helen Bonsall, Laura Bonsall and C. Stevenson Gatchel, assignee of Charles S. Bonsall, in consideration of the sum of $5,500, to each of them, after reciting that they had bargained and agreed to sell for the consideration mentioned to Walter B. Smith, trustee, all "their estate, right, title and interest, share, dividend, claim, and demand whatsoever which they . . . . have or of right ought to have, claim, and demand of, in, and out of all the estate, real and personal and mixed, whatsoever and wheresoever of the said Nathan Smith, deceased, whether as devisees under his said will or as devisees and heirs at law of the said Martha A. Bonsall, deceased, and to which the said C. Stevenson Gatchel is entitled as assignee as aforesaid, or in any other way or manner whatsoever," and further reciting the adjudication and schedule, and the award to them respectively, of $5,500, each, " in lieu of distribution in kind," etc., granted, bargained and sold, etc., to Walter B. Smith, " trustee as aforesaid," all their right, title, etc., in the various pieces of real estate there particularly described, and " of, in, and to all the real and personal estate, stocks, bonds, mortgages, securities, moneys and effects whatsoever whereof the said Nathan Smith died seized and possessed, and the rents, issues, income, dividends and profits thereof, accrued, accruing and to accrue therefrom, to which the said Helen Bonsall and Laura Bonsall are now or may or can be in any wise entitled either as devisees or heirs at law of their deceased grandfather, the said Nathan Smith, deceased, or as daughters and heirs at law or devisees of the said Martha H. Bonsall, deceased, and to which the said C. Stevenson Gatchell is entitled as assignee as aforesaid or in any other way or manner whatsoever."

It is now claimed that this deed conveyed to the trustee not only the interest of the grantors in the estate distributable, so far as it was then distributable, at the date of the adjudication and the approval of the schedule, but all right which they subsequently acquired by reason of the death of Sarah A. Smith, without issue, in August, 1903, and the death without issue of Charles Eber Smith, in November, 1903, when additional interests passed to them under the intestate laws.

It may be that the language of the grant is sufficiently com-

prehensive to have this effect, though the recital sets forth that the intention is to convey only the interests of the grantors as " devisees " of Nathan Smith; but the obvious purpose of the deed was to carry out the distribution awarded by the adjudication and to give to the grantors also their shares of the real estate at its appraised value; and it was not intended to include anything not, at that time, belonging to them, viz: interests which might come, by reason of the subsequent deaths, without issue, of persons then living. The maxim verba generalia restringunter ad habilitatum rei vel personam applies to such a grant, and the generality of the language used will be restrained according to the subject-matter to which they relate. This principle was adopted in Case v. Cushman, 3 W. & S. 544, where it was said by GIBSON, C. J.: " It is one of Pothier's rules of interpretation which have been deemed consonant to the rules of the common law, that 'however general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties proposed to contract; and not to others they never thought of.' " See also Erwin's Appeal, 20 W. N. C. 278; Rapp v. Rapp, 6 Pa. 45; McLarren v. Robertson, 20 Pa. 125; Codding v. Wood, 112 Pa. 371, etc.

No question was raised between Charles S. Bonsall and C. Stevenson Gatchel with regard to the deed of August 4, 1892, for the interest of the grantor in the estate of the decedent.

The auditing judge decided that the will created a vested interest in the issue of the children, and did not violate the rule against perpetuities, and that as to two fifths of the estate there was an intestacy created upon the death of the two children without issue. He also decided that the deeds did not include the portion of the estate covered by the intestacy.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was in dismissing exceptions to adjudication.

*L. W. Baxter*, for appellant, cited as to the construction of the will: Pleasonton's App., 99 Pa. 362; Reichard's App., 116 Pa. 232; Raleigh's Est., 206 Pa. 451; Hirst's App., 100 Pa. 239; Mulliken v. Earnshaw, 209 Pa. 226; Mergenthaler's

App., 15 W. N. C. 441; Coggins's App., 124 Pa. 10; Johnston's Est., 185 Pa. 179; cited as to the construction of the deeds: McWilliams v. Nisly, 2 S. & R. 507; Brown v. McCormick, 6 Watts, 60; Logan v. Neill, 128 Pa. 457; Brownfield's Est., 193 Pa. 151; Grim's App., 105 Pa. 375; Pioso v. Bitzer, 209. Pa. 503; Patterson v. Caldwell, 124 Pa. 455; Ruple v. Bindley, 91 Pa. 296; Case v. Cushman, 3 W. & S. 544; Erwin's App., 20 W. N. C. 278; McLarren v. Robertson, 20 Pa. 125; Codding v. Wood, 112 Pa. 371; Kidder v. Kidder, 33 Pa. 268; Smilie's Estate, 22 Pa. 130; Carroll v. Miner, 1 Pa. Superior Ct. 439; King v. New York, etc., Gas Coal Co., 204 Pa. 628; Cunningham v. Neeld, 198 Pa. 41.

*Franklin S. Edmonds*, with him *Edward H. Bonsall*, for appellees, cited as to the will: McBride's Est., 152 Pa. 192; Siddall's Est., 180 Pa. 127.

Cited as to the deeds: Case v. Cushman, 3 W. & S. 544; Rapp v. Rapp, 6 Pa. 45; McLarren v. Robertson, 20 Pa. 125, 129; Young v. Coyle, 3 Pennypacker, 284; Ballantine's Appeal, 67 Pa. 178; Codding v. Wood, 112 Pa. 371.

Per Curiam, February 13, 1905:

The testator's will did not create a perpetuity. In brief it gave his estate to trustees to pay to his widow so much of the income as she might need for her support, the rest of the income to his five children, naming them, and the issue of any who had died leaving issue, and after death of the widow the entire income to the children then living, and the issue of any who should have died. The gift of the income to the children was expressly limited to their respective lives, and "after their death the income to be paid to their children until they attain the age of twenty-one years, when each shall receive his or her share of the principal thereof in the proportion he or she received or were entitled to the income agreeably with the intestate laws of the state of Pennsylvania." This created a vested interest in the issue of the children, and the continuance of the trust during their minority did not bring the gift within the rule as to perpetuities. One of the children, Mrs. Bonsall, died during the lifetime of the widow, and upon the latter's death the court, in accordance with the view above

expressed, awarded one fifth of the estate to Mrs. Bonsall's children.

After the widow's death two of the children died without issue. Their interests in the estate were for life only, and the court rightly held that the contingency not having been provided for there was an intestacy as to those two fifths of testator's estate.

After the award of their shares to the children of Mrs. Bonsall, they entered into a family arrangement under which they made conveyance of their interest. The construction and scope of this deed raised one of the questions in this appeal. On this branch of the case the decree is affirmed on the opinion of Judge PENROSE.

Decree affirmed.