# Silverthorn *v.* Silverthorn, Appellant.

*Contract—Construction—Subject-matter and conditions at time —Intention.*

1. A contract will be construed in the light of the subject-matter and conditions existing at the time of its execution, and it comprehends only those things in respect to which it appears the parties proposed to contract, and its provisions will not be extended to cover others apparently not thought of or intended to be included.

2. Where the general object of a contract between a mother and her two sons is to make an equal distribution of the property of the mother and of her deceased husband, between the two sons at the time of the mother's death, and the parties evidently do not contemplate any material addition to the property included in the two estates at the time of the agreement, property inherited by the mother after the date of the agreement is not covered by the contract.

Argued January 29, 1923. Appeal, No. 144, Jan. T., 1923, by defendant, from decree of C. P. Erie Co., Sept. T., 1921, No. 18, on bill in equity, in case of Frank M.

Silverthorn v. Carl R. Silverthorn.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Bill in equity for injunction.   Before HIRT, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.   Defendant appealed.

*Error assigned* was decree, quoting it.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—It is not within the province of the court to place on a contract a construction at variance with the plainly expressed intention of the parties: Nelson v. Bonnhorst, 29 Pa. 352.

The plain and obvious meaning of the words of a contract will be followed: Mathias v. Superior Iron Co., 70 Pa. 160; Duff v. Peoria Sugar Co., 178 Pa. 471; Watson v. Blaine, 12 S. & R. 131; Ludwig v. Leonard, 9 W. & S. 44; Cummings v. Antes, 19 Pa. 287; Hazleton Coal Co. v. Coal Co., 57 Pa. 301.

*M. Levant Davis,* for appellee.—However general the terms may be in which an agreement is conceived, it comprehends only those things in respect to which it appears the contracting parties proposed to contract and not others they never thought of: Smith's Est., 210 Pa. 604.

OPINION BY MR. JUSTICE FRAZER, March 19, 1923:
Plaintiff and defendant are brothers and, on December 23, 1914, they entered into an agreement with their mother, reciting that J. M. Silverthorn, their father, died February 26, 1912, leaving a will which contained a clause stating his object to be to "secure the advantage of having my property divided in connection with that of my wife's property, between our two children," the agreement reciting the intention of the parties to carry out these provisions of testator's will and effect an amicable distribution of "the estates of the said J. M.

Silverthorn and Mary A. Silverthorn." It further provided for conveyance by the mother of her farm to her son Carl, reserving the use of the land during her life, together with the right to occupy the premises so long as she lived, and that Carl should farm the property and support his mother, retaining a fixed amount for his services out of the proceeds realized from the farm and other land, which had been theretofore conveyed to him by his father and mother and placing the remainder in trust for the use of the mother for her life. It was also agreed that the sum of $2,500 should be deposited in bank for the benefit of Frank, the plaintiff, to be paid him on the death of his mother, the income to be used for her support, Frank agreeing, on the death of his mother, to execute a quitclaim deed "of his entire interest in the estate of the said J. M. Silverthorn and Mary A. Silverthorn, and also to execute a bill of sale to his brother Carl R. Silverthorn of his entire interest in the personal property of the said J. M. Silverthorn and Mary A. Silverthorn." The agreement was carried out until the death of the mother in 1921, at which time Frank tendered to Carl a quitclaim deed for all the real and personal estate of the parents, excepting, however, property which, in 1918, more than three years after the date of the agreement above referred to, the mother inherited from sisters, who resided in the State of Michigan. Carl refused to accept the deed and surrender the certificate of deposit for the $2,500 due Frank on the mother's death, claiming to be entitled to the mother's entire estate, including the inherited property referred to. These proceedings followed, asking that defendant be ordered to surrender the certificate of deposit on receipt of the deed mentioned. The question involved is whether the property inherited subsequent to the date of agreement was intended to be included in the conveyance. The court below entered a decree in favor of plaintiff. Defendant appealed.

The general object of the agreement, as indicated by its terms, was to make an equal distribution of the prop-

erty between the two sons after the death of their mother, the parties evidently not contemplating any material addition to the property included in the estates at the time the agreement was entered into. A familiar rule of construction is that a contract will be construed in the light of the subject-matter and conditions existing at the time of its execution and that it comprehends only those things in respect to which it appears the parties proposed to contract and its provisions will not be extended to cover others apparently not thought of or intended to be included: Case v. Cushman, 3 W. & S. 544; Smith's Est., 210 Pa. 604; Hay v. Baer, 48 Pa. Superior Ct. 231. The parties here contracted with reference to specific real and personal property belonging to the two estates. They did not contemplate the possibility of a sudden or unexpected increase in the estate of their mother by virtue of an inheritance from third persons. The estate here involved is comparatively small. Had the mother been the beneficiary under the will of third persons to the extent of a large amount of money or property, it would hardly be logical or reasonable to conclude the parties intended such property should go to one of the sons only, especially in view of the evident intent that both should share equally in the estates of both parents. Any inference which might be drawn from the fact that the parties knew the relatives from whom the mother inherited owned property and that there was a possibility such property might descend to the mother, is overcome by the further fact that the parties contracted with reference to specific property, without making reference to future acquisitions, especially through inheritance from third persons.

The decree of the court below did not direct plaintiff's wife to join in the quitclaim deed but counsel agreed at the argument that this would be done in event of affirmance of the decree by this court.

With this understanding, the decree of the court below is affirmed at costs of appellant.